## SISTER ROBERTS v. FIRESTONE
No. 79-1733
Circuit Court, Broward County
February 1, 1979

Andrew Mavrides, for the plaintiff.

Dennis E. Lyles and Samuel S. Goren, for the defendant.

FRANK A. ORLANDO, Circuit Judge.

THIS MATTER came before the Court on Petitioner's Complaint seeking a temporary and permanent injunction and declaratory relief; by agreement of counsel, all time periods have been waived, and

further, the hearing of January 29, 1979, was to be a "Final Hearing" and the Court's ruling thereon final as to all relief sought and defenses offered.

Based on the applicable law, the argument of Counsel and the memorandums submitted, the Court enters this, its Final Judgment in this cause.

There is no dispute as to the facts which lead up to the issue before the Court, and the Court adopts the Statement of Facts contained in the Plaintiff's brief.

The issue before this Court boils down to whether or not the word "Sister" is part of the Plaintiff's legal name and/or identity, and, if so, can it appear on the ballot of the next municipal election in the City of Fort Lauderdale?

In reaching this decision, the Court is bound by the laws of the State of Florida and the reported case decisions of this State. Attorney General's Opinions and case decisions of sister states are advisory in nature.

Briefly stated, the election laws of this State require the Plaintiff herein to place on the ballot her "name" and the Defendants to accept the Plaintiff's "name" as designated.

The Supreme Court of this State has held that a person may assume any name he or she so desires, as long as a fraudulent intent is not present. (See *In Re: Adoption of Long,* 56 So2 450 (Fla., 1952) Also see 57 Am Jur 2N NAMES, 23 Fla. Jur NAMES 2.

However, with reference to the election process, the legislature and the courts have required that a person register and seek election by his or her legal name in order to preserve the "purity of the election process". (See *State ex rel, Gandy v. Page,* 169 So 854)

Therefore, what we are concerned with here is the proper identity of a candidate as opposed to the past or present designation of the individual.

Further, the case decisions with any relevance to this matter provide that a person may list his or her "name" on the ballot and that a "name" consists of a "Christian name and surname" and that titles before and after a name are not permissible. (See *Carlton v. Phelan,* 131 So117 (Fla. 1930)). The Plaintiff has advised the Court by her brief that "Sister" has been allowed on the ballot in Arizona and North Dakota. The Court has determined that Congressman Robert Drinan

of Massachusetts, a Jesuit Priest, chose not to include "Father" on the ballot.

However, there are recognized exceptions to that rule which are founded on the principle that a candidate has the right to bring his or her *true* identity to the attention of the electorate to avoid confusion, and allow "Mrs." or "Jr." or "Sr." to be adopted as a part of a person's name (*Huff v. State Elections Board,* 32 P2, 920) or nicknames, such as "Jimmy" Carter and "Steve" Warner. (See Plaintiff's Exhibit #3)

In *State ex rel, Rainey v. Crowe,* 382 SW2d 38, a Missouri appellate court stated as follows:

"A person's name is the designation ordinarily used, and *by which he or she is known in the community.* Names are used as a method of identification. Whether the identification is sufficient is ordinarily a question of fact." (Emphasis supplied)

The unrefuted testimony in this case indicates that the Plaintiff, in 1947, took final vows and became a member of the Dominican Order. That ceremony changed her name from Mary Frances Roberts and gave her the religious designation of SISTER THERESE. Her surname or family name remained "Roberts".

BASED ON THE FOREGOING, this Court concludes as a matter of law that:

1. The Plaintiff has a legal right to have her present and true name appear on the ballot for the forthcoming municipal election in the City of Fort Lauderdale.

2. The Clerk of the City of Fort Lauderdale must accept the Plaintiff's "name" and place it on the ballot, and the Clerk also has a duty to include as a part of the Plaintiff's "name" the designation of a status that will properly identify the Plaintiff to the public and avoid confusion.

3. "Sister" has at least the same status as "Mrs." or a nickname, if it is not part of the Plaintiff's legal name.

4. The evidence presented in this case indicates that in 1947, the Plaintiff, by entrance into the Dominican Order, changed her birth name and received THERESE M. ROBERTS as her new name and "Sister" as a designation of her status. Further, since 1947, the Plaintiff has been known in this community as Sister Therese M. Roberts and assumed this as her name. Thus, "Sister" has become a part of her "identity" which she has a right to put before the public by way of the

ballot, in the same manner that "Mrs." or a nickname has been authorized.

This decision is strictly limited to the facts herein and is in no way intended to rule on any other matter concerning municipal elections.

Because of what the Court feels is a void in the election law with reference to a clear definition of "name" and what may or may not appear on a ballot, the legislature may wish to address this problem.

It is thereupon ORDERED AND ADJUDGED that:

The Plaintiff has a right to place her true identity on the ballot, including "Sister" in the same manner that the Clerk would include "Mrs." or a nickname, and the Defendants are enjoined from prohibiting the Plaintiff from designating her true identity, "Sister" Therese M. Roberts.

All other relief sought by the Plaintiff be and is denied.